**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B., Plaintiff, v. VICTOR R. MUNOZ, JR. doing business as OVERNIGHT APPRAISAL; and DOES 1 TO 5, Defendants. | Case No. CV 11-04971 ODW (SSx) <br> Order **GRANTING** Plaintiff's Motion to Strike Portion of First Amended Answer [16] [Filed 08/29/11] and **VACATING** Hearing Thereon |

## I. INTRODUCTION

Pending before the Court is Plaintiff, Federal Deposit Insurance Corporation's ("Plaintiff"), August 29, 2011 Motion to Strike. (Dkt. No. 16.) Defendant, Victor R. Munoz, Jr. ("Defendant"), filed an Opposition on September 2, 2011, (Dkt. No. 22), to which Plaintiff filed a Reply on September 12, 2011 (Dkt. No. 24). After careful consideration of the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons discussed below, Plaintiff's Motion is **GRANTED**. The September 26, 2011 hearing on the matter is **VACATED** and no appearances are necessary.

## II. FACTUAL BACKGROUND

Defendant prepares appraisals for mortgage brokers, lenders, and others in the mortgage industry. (Compl. ¶ 6.) Plaintiff alleges that in 2007, Defendant prepared appraisal reports in connection with four residential properties, knowing that the appraisals would be used by lenders, such as IndyMac Bank, FSB ("IndyMac"), for mortgage lending purposes. (Compl. ¶ 6.) Plaintiff further asserts that, in conducting these appraisals, Defendant failed to comply with regulatory requirements established for transactions funded through federally regulated financial institutions, and thus made mistakes such as inflating the size of property or mis-characterizing property. (Compl. ¶¶ 6-23). Plaintiff maintains that IndyMac, for which Plaintiff is acting as Receiver, funded four mortgage loans in reliance on the appraisals prepared by Defendant. (Compl.¶ 54.) The value of those properties were overstated and provided insufficient collateral for the loans they secured.

As a result of these events, on June 11, 2011, Plaintiff filed a Complaint seeking damages from Defendant for breach of contract and negligent misrepresentation. (Dkt. No. 1.) On August 8, 2011, Defendant filed a First Amended Answer. (Dkt. No. 15.) Plaintiff now moves to strike the second affirmative defense of comparative negligence contained within the First Amended Answer. (Dkt. No. 16.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Impertinent allegations are those that are not responsive or relevant to issues involved in the action and which could not be admitted as evidence in the litigation" and an "immaterial allegation is that which has no essential or important relationship to the claim for relief or defenses being pleaded." *Jackson v. Bd. of Equalization*, No. CIV S-09-1387 (DAD), 2011 WL 3814537, at *14-15 (E.D. Cal. Aug. 26, 2011 (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds in Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise

from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy*, 984 F.2d at 1527 (9th Cir. 1993). A court can also grant a motion to strike for the purpose of streamlining the ultimate resolution of the action and focusing the jury's attention on the real issues in the case. *Fantasy*, 984 F.2d at 1528.

Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic. *Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). When ruling on a motion to strike, the Court must view the challenged pleadings in the light most favorable to the pleader. *Lazar v. Trans Union, L.L.C.*, 195 F.R.D. 665, 669 (C.D. Cal. 2000). Due to the fact that motions to strike a defense are disfavored, they "will not be granted if the insufficiency of the defense is not clearly apparent." 5C Wright & Miller § 1381, at 428. "To show that a defense is insufficient, the moving party must demonstrate that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Id* at 1032. (quoting *Securities & Exchange Comm'n v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

## IV. DISCUSSION

Defendant's answer contains forty-two affirmative defenses. Plaintiff moves to strike only Defendant's second affirmative defense, comparative negligence, as it relates to Plaintiff's claim for negligent misrepresentation.

Under California law, the principles of comparative negligence are not applicable in actions based upon deceit. *Sefton v. Pasadena Waldorf School*, 268 Cal. Rptr. 335, 341 (Cal. App. 3d 1990). Since *Gagne v. Bertran*, 43 Cal. 2d 481, 487-8 (1954), was decided, California law recognizes negligent misrepresentation as a form of deceit. *Continental Airlines, Inc. v. McDonnell Douglas Corp.*, 216 Cal. App. 3d 388, 403 (1989) (citing Cal. Civ. Code § 1710). Thus, comparative negligence may not serve as an affirmative defense for a claim of negligent misrepresentation.

Additionally, a defendant who misrepresents the facts and induces the plaintiff to rely on his statements should not be able to assert that the reliance was negligent unless plaintiff's conduct, in the light of his intelligence and information, is preposterous or irrational. *FDIC v. JSA Appraisal Serv.*, No. 5:10-cv-02077-LHK, 2010 WL 3910173, at *2 (N.D. Cal. Oct. 15, 2010); *see also, Van Meter v. Bent Construction Co.*, 46 Cal. 2d 588, 595 (1956). "Business ethics justify reliance upon the accuracy of information imparted in buying and selling, and the risk of falsity is on the one who makes a representation." *Kohn v. Superior Court*, 142 Cal. App. 3d 323 (1983). Although IndyMac's conduct is a proper subject of inquiry to the extent that it bears on the subject of reasonable reliance, as discussed above, its conduct cannot be considered in the context of an affirmative defense of comparative negligence.

## V. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Strike Defendant's Second Affirmative Defense of comparative negligence.

**IT IS SO ORDERED.**

September 19, 2011

HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE